CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 14 2016

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SCOTT ANDREW MCCAUL,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:15-cv-00314 |
| v. | ) <br> ) | **ORDER** |
| DR. MOSES QUINONES, et al.,<br>    Defendants. | ) <br> ) <br> ) | By:  Hon. Jackson L. Kiser<br>      Senior United States District Judge |

On August 3, 2016, the court received a motion to voluntarily dismiss, which was ostensibly filed by pro se plaintiff Scott Andrew McCaul, to dismiss the action and to stop the collection of the filing fee prescribed by 28 U.S.C. §§ 1914 and 1915. Because no answer or motion for summary judgment had been filed, the action was dismissed without prejudice by operation of law pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Nonetheless, I entered an order to direct the Clerk's Office to dispose of motions: grant the motion to voluntarily dismiss, dismiss pending motions as moot, and strike the case from the active docket. I noted in the Order that there was no provision in §§ 1914 or 1915 or Federal Rule of Civil Procedure 41 to invalidate fee collection upon a voluntary dismissal.

Presently before me is Plaintiff's unverified motion for reconsideration of that Order. Plaintiff explains:

> Upon receiving legal advice and help from a PrisonCrat that's incarcerated with Plaintiff[,] [t]he PrisonCrat provided Plaintiff with false legal advice and help on his legal option[]s dealing with Plaintiff's civil action. The PrisonCrat informed Plaintiff that the only legal option he has to stop the court from collecting the filing fee ... is that Plaintiff must move a motion to dismiss his civil action[.] Due to the Plaintiff is [sic] not legally adequate he took the PrisonCrat's advice to be accurate so Plaintiff allowed the PrisonCrat to file the motion but the Plaintiff was not given the opportunity to view such motion before filing[.]
>
> Plaintiff notes he did not sign the motion to voluntarily dismiss this action without prejudice. So hereby the Plaintiff objects to filing on the motion to voluntarily dismiss this action and move[]s to motion ...

reconsideration and move to revoke and stricken the plaintiff's motion to voluntarily dismiss this action.

Plaintiff's motion for reconsideration is **DENIED** for three reasons. First, the motion to voluntarily dismiss operated as a matter of law to dismiss the action. Thus, the dismissal was not dependent upon an order for which Plaintiff can seek reconsideration.[1]

Second, the dismissal was without prejudice, meaning Plaintiff can refile the case at the time of his choice subject to the applicable limitations period. Plaintiff alleged that the facts underlying the action began in February 2015, and thus, dismissal without prejudice does not act as a de facto dismissal with prejudice due to the limitations period.

Third, I am not persuaded by Plaintiff's invocation of Federal Rule of Civil Procedure Rule 11(a) to void the operation of Rule 41(*). Plaintiff essentially argues that the motion to voluntarily dismiss could not legally trigger the automatic dismissal provision of Rule 41(a)(1)(A) because he never signed the motion to voluntarily dismiss. Rule 11(a) requires "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."

Plaintiff's present invocation of Rule 11 is duplicitous. He knowingly permitted the inmate to file the motion on his behalf, and now that the motion's adjudication did not go as Plaintiff expected or the "PrisonCrat" guaranteed, Plaintiff wants a do-over because he is pro se

---

[1] Alternatively, Rule 54(b) provides in pertinent part that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); Boyd v. Coventry Health Care, Inc., 828 F. Supp. 2d 809, 813-14 (D. Md. 2011). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. Rather, whether to review a prior decision is left to the discretion of the district judge." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003); Boyd, 828 F. Supp. 2d at 813-14. "[R]elief is rarely ever appropriate when the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to change its mind." Boyd, 828 F. Supp. 2d at 814 (quoting Pritchard v. Wal—Mart Stores, Inc., 3 F. App'x 52, 53 (4th Cir. 2001) (internal quotation marks and alterations omitted)); see Ryan v. Gonzales, 133 S. Ct. 696, 708 (2013) ("We do not presume that district courts need unsolicited advice from us on how to manage their dockets."). For the reasons stated in this order, I choose not to vacate the non-final dismissal order in this case.

and did not sign the motion that he instructed the "PrisonCrat" to file. Plaintiff agreed with the legal advice from the fellow inmate, failed to conduct his own due diligence, and knowingly permitted the inmate to draft the motion on Plaintiff's behalf. Instead of relying on the free legal resources available to him at the state prison, which usually includes free use of a law library and free legal counsel appointed to the state correctional facility, Plaintiff knowingly relied upon the advice of a "PrisonCrat." Beside the common sense doctrine of caveat emptor, Plaintiff "bears the risk of negligent conduct on the part of his agent." Maples v. Thomas, 132 S. Ct. 912, 922 (2012).

I recognize that a pro se litigant's lack of legal training should not be the sole basis for forfeiture of important rights. Nevertheless, a pro se litigant is not exempt from complying with relevant rules of procedural and substantive law or the notion of fair play. A pro se litigant is not entitled to special consideration to excuse a failure to follow a straightforward procedural requirement that a lay person can comprehend as easily as a lawyer. Jourdan v. Jabe, 951 F.2d 108, 109-10 (6th Cir. 1991); see, e.g., Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989); McDonald v. Head Criminal Ct. Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). Plaintiff knows of Rule 11 and flouted the signature requirement for the motion he authorized. As noted earlier, Plaintiff is not forfeiting an important right, and holding Plaintiff to his voluntary decision to dismiss the action without prejudice is an appropriate sanction for now attempting to game Rule 11 and the latitude usually afforded pro se litigants.

3

Accordingly, the motion for reconsideration is **DENIED**, and the action remains dismissed without prejudice. Plaintiff may refile the complaint in a new and separate action at the time of his choice subject to the applicable limitations period.[2]

ENTER: This 14th day of September, 2016.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[2] Plaintiff would be wise to take the opportunity to use the legal resources available to him to address his self-described deficiency in legal knowledge; if he does pursue his claims again, he can do so with a better understanding of the Federal Rules of Civil Procedure and the law cited in defendant's motion to dismiss. See, e.g., 28 U.S.C. § 1915(g).

4